# Exhibit A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven 06510 | ( 203 ) 503-6800 | November 14, 2017 |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) New Haven | Case type code (See list on page 2) Major: V  Minor: 01 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Balzano & Tropiano, P.C., 321 Whitney Avenue, New Haven 06511 | 428258 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 203 ) 891-6336 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

Email address for delivery of papers under Section 10-13 (if agreed to)

Number of Plaintiffs: 2     Number of Defendants: 2     ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Westley, Kelwynn  Address: 19 Dix Street, Hamden, CT 06514 | P-01 |
| Additional Plaintiff | Name: Westley, Sheala  Address: 21 Read Street, New Haven, CT 06511 | P-02 |
| First Defendant | Name: Mehonic, Nermin  Address: 1107 Brook Lane, Harrisburg, PA 17111 | D-01 |
| Additional Defendant | Name: VM Trans LLC c/o Corporate Secretary  Address: 4225 Brushfield Court, Apt. B, Harrisburg, PA 17109 Dauphin | D-02 |
| Additional Defendant | Name: Address: | D-03 |
| Additional Defendant | Name: Address: | D-04 |

**Notice to Each Defendant**

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Alphonse J. Balzano, Jr. | Date signed 09/25/2017 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

    (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
    (b) Summary process actions.
    (c) Applications for change of name.
    (d) Probate appeals.
    (e) Administrative appeals.
    (f) Proceedings pertaining to arbitration.
    (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

| | | |
|---|---|---|
| **RETURN DATE: NOVEMBER 14, 2017** | : | **SUPERIOR COURT** |
| **KELWYNN WESTLEY, ET AL** | : | **J.D. OF NEW HAVEN** |
| **V.** | : | **AT NEW HAVEN** |
| **NERMIN MEHONIC, ET AL** | : | **SEPTEMBER 25, 2017** |

## COMPLAINT

### COUNT ONE: KELWYNN WESTLEY V. NERMIN MEHONIC, ET AL

1. At all times mentioned herein, Interstate 95 Northbound, running substantially in a northerly-southerly direction, is a public interstate with three travel lanes at or near the City of New Haven, Connecticut.

2. On or about December 10, 2015, at approximately 11:04 a.m., the Plaintiff, Kelwynn Westley, was operating her motor vehicle in a northerly direction on Interstate 95 Northbound in the right travel lane approaching Exit 34.

3. At said time and place, the Co-Plaintiff, Sheala Westley, was a passenger in the motor vehicle operated by the Plaintiff, Kelwynn Westley.

4. At said time and place, the Defendant, Nermin Mehonic, was operating a motor vehicle in a northerly direction on Interstate 95 Northbound in the center travel lane approaching Exit 34, directly to the left of the vehicle operated by the Plaintiff, Kelwynn Westley, and containing the Co-Plaintiff, Sheala Westley.

1

5. At all times mentioned herein, the Defendant, Nermin Mehonic, was operating said motor vehicle owned and maintained by the Co-Defendant, VM TRANS LLC, as the agent, servant, and/or employee of the Co-Defendant, VM TRANS LLC, in the cause of his employment and/or the motor vehicle was being operated as a family car within the scope of general authority from the owner.

6. At all times mentioned herein, the Co-Defendant, VM TRANS LLC, was and is a foreign corporation organized and existing under the laws of the State of Pennsylvania that is registered and authorized to do business in the State of Connecticut.

7. At all times mentioned herein, the Defendant, Nermin Mehonic, was acting within the general scope of his authority as an agent, employee, servant, and/or business invitee of the Co-Defendant, VM TRANS LLC, when he was operating the motor vehicle owned and maintained by VM TRANS LLC.

8. At said time and place, while the Plaintiff, Kelwynn Westley, was operating her motor vehicle in a northerly direction on Interstate 95 Northbound approaching Exit 34, the Defendant, Nermin Mehonic, operated said motor vehicle in such a manner as to suddenly and without warning cross into the right travel lane on Interstate 95 Northbound, travelling directly into the driver's side of the motor vehicle operated by the

2

Plaintiff, Kelwynn Westley, and containing the Co-Plaintiff, Sheala Westley, thereby causing a violent collision with multiple points of impact.

9. The force of the collision threw the Plaintiff about the interior of the motor vehicle she was seated in, causing and/or exacerbating injuries of a serious, painful, and permanent nature, in that:

    a. She sustained a permanent partial impairment to her cervical spine;

    b. She sustained a musculoligamentous sprain/strain to her neck;

    c. She sustained a musculoligamentous sprain/strain to her thoracic spine;

    d. She sustained a displaced disk in her cervical spine;

    e. She sustained a displaced disk in her lumbar spine;

    f. She experienced pain, stiffness, soreness, discomfort, and spasms about her neck;

    g. She experienced pain, stiffness, soreness, discomfort, and spasms about her abdomen;

    h. She experienced pain, stiffness, soreness, discomfort, and/or spasms about her back;

    i. She experienced pain, stiffness, soreness, discomfort, and/or spasms about her cervical spine;

THE LAW OFFICES OF BALZANO & TROPIANO, PC • 321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

3

j. She experienced pain, stiffness, soreness, discomfort, and/or spasms about her thoracic spine;

k. She experienced pain, stiffness, soreness, discomfort, and/or spasms about her lumbar spine;

l. She experienced pain, stiffness, soreness, discomfort, and spasms about her chest;

m. She experienced a decreased range of motion about her neck;

n. She experienced a decreased range of motion about her cervical spine;

o. She experienced a decreased range of motion about her thoracic spine;

p. She experienced cervicalgia about her cervical spine;

q. She experienced an abrasion to her abdomen;

r. She experienced sciatica,

s. She experienced myalgia;

t. She experienced radiculopathy about her cervical spine;

u. She experienced fibromyalgia;

v. She experienced difficulty sleeping;

w. She experienced an acute anxiety reaction, accompanied by its usual symptoms;

4

and

x.  She endured, and continues to endure a great pain of mind and body.

10. As a result of the aforementioned impact, the vehicle owned by the Plaintiff, Kelwynn Westley, sustained property damage, for which the Plaintiff incurred expenses for towing, storage, repair and/or replacement of said motor vehicle.

11. As a result of her injuries, Kelwynn Westley incurred expenses for chiropractic care, CT scans, medications, medical care, and for matters incidental thereto and will be required to incur similar expenses in the future.

12. At the time of this incident the Plaintiff, Kelwynn Westley, was employed and as a result of her injuries she was not able to perform such work, and she may not be able to do so from time to time in the future with a resulting financial loss of earnings and her earning capacity was, is and may be permanently impaired.

13. Prior to this incident, Kelwynn Westley was able to engage in common activities, but, due to her injuries, she has been, in the past, and/or will be in the future, unable to engage in all of life's activities.

14. Kelwynn Westley's injuries and damages were caused by the negligence of the Defendant Nermin Mehonic in any one of the following ways and in any combination thereof, in that:

5

a. He was inattentive in that he was not keeping a reasonable and/or proper lookout;

b. He did not have the motor vehicle that he was operating under reasonable control;

c. He drove the motor vehicle at an unreasonable rate of speed, having no regard to the road and traffic conditions and the use of said roadway at said time;

d. He failed to steer and/or guide the course and movement of a motor vehicle so as to avoid causing a collision;

e. He violated Connecticut General Statutes § 14-301by failing to yield the right of way to an approaching vehicle at the entrance to a through highway;

f. He violated Connecticut General Statutes § 14-218a by driving a motor vehicle at a rate of speed greater than was reasonable with regard to the width, traffic, use of the roadway, the intersection of the streets, and the weather conditions then and there existing;

g. He violated Connecticut General Statutes § 14-80h in that he failed to keep his brakes in good working order;

6

h. He violated Connecticut General Statutes § 14-243a in that he moved a vehicle which was stopped, standing or parked without reasonable safety and without interfering with other traffic;

i. He violated Connecticut General Statutes § 14-236 in that he executed an unsafe lane change;

j. He violated Connecticut General Statutes § 14-286aa in that he operated a motor vehicle while distracted by the use and/or engagement of an electronic mobile device;

k. He failed to make timely and seasonable use of the brakes of the motor vehicle he was driving in order to slow down and/or stop before causing his vehicle to strike another motor vehicle;

l. He failed to sound his horn or otherwise warn the plaintiff of the impending collision;

and

m. He failed to use due care and to make use of his senses and faculties, as would a reasonably prudent person under the circumstances.

**COUNT TWO: SHEALA WESTLEY V. NERMIN MEHONIC, ET AL**

1-8. Paragraphs One through Eight of the First Count are hereby incorporated and made

7

Paragraphs One through Eight of this, the Second Count.

9.  The force of the collision threw the Co-Plaintiff, Sheala Westley, about the interior of the motor vehicle she was seated in, causing and/or exacerbating injuries of a serious, painful, and permanent nature, in that:

    a.  She sustained a permanent partial impairment to her cervical spine;

    b.  She sustained a permanent partial impairment to her lumbar spine;

    c.  She sustained a musculoligamentous sprain/strain to her neck;

    d.  She sustained a musculoligamentous sprain/strain to her cervical spine;

    e.  She sustained a musculoligamentous sprain/strain to her thoracic spine;

    f.  She sustained a musculoligamentous sprain/strain to her thorax;

    g.  She experienced pain, stiffness, soreness, discomfort, and spasms about her neck;

    h.  She experienced pain, stiffness, soreness, discomfort, and spasms about her thorax;

    i.  She experienced pain, stiffness, soreness, discomfort, and/or spasms about her back;

    j.  She experienced pain, stiffness, soreness, discomfort, and/or spasms about her cervical spine;

8

k. She experienced pain, stiffness, soreness, discomfort, and/or spasms about her thoracic spine;

l. She experienced pain, stiffness, soreness, discomfort, and/or spasms about her lumbar spine;

m. She experienced a decreased range of motion about her neck;

n. She experienced a decreased range of motion about her cervical spine;

o. She experienced a decreased range of motion about her thoracic spine;

p. She experienced a decreased range of motion about her lumbar spine;

q. She experienced segmental and somatic dysfunction about her cervical spine;

r. She experienced segmental and somatic dysfunction about her lumbar spine;

s. She experienced difficulty sleeping;

t. She experienced an acute anxiety reaction, accompanied by its usual symptoms;

and

u. She endured, and continues to endure a great pain of mind and body.

10. As a result of her injuries, Sheala Westley incurred expenses for chiropractic care, CT scans, medications, medical care, and for matters incidental thereto and will be required to incur similar expenses in the future.

9

11. At the time of this incident the Co-Plaintiff, Sheala Westley, was employed and as a result of her injuries she was not able to perform such work, and she may not be able to do so from time to time in the future with a resulting financial loss of earnings and her earning capacity was, is and may be permanently impaired.

12. Prior to this incident, Sheala Westley was able to engage in common activities, but, due to her injuries, she has been, in the past, and/or will be in the future, unable to engage in all of life's activities.

13. Sheala Westley's injuries and damages were caused by the negligence of the Defendant Nermin Mehonic in any one of the following ways and in any combination thereof, in that:

   a. He was inattentive in that he was not keeping a reasonable and/or proper lookout;

   b. He did not have the motor vehicle that he was operating under reasonable control;

   c. He drove the motor vehicle at an unreasonable rate of speed, having no regard to the road and traffic conditions and the use of said roadway at said time;

   d. He failed to steer and/or guide the course and movement of a motor vehicle so as to avoid causing a collision;

10

e. He violated Connecticut General Statutes § 14-301by failing to yield the right of way to an approaching vehicle at the entrance to a through highway;

f. He violated Connecticut General Statutes § 14-218a by driving a motor vehicle at a rate of speed greater than was reasonable with regard to the width, traffic, use of the roadway, the intersection of the streets, and the weather conditions then and there existing;

g. He violated Connecticut General Statutes § 14-80h in that he failed to keep his brakes in good working order;

h. He violated Connecticut General Statutes § 14-243a in that he moved a vehicle which was stopped, standing or parked without reasonable safety and without interfering with other traffic;

i. He violated Connecticut General Statutes § 14-236 in that he executed an unsafe lane change;

j. He violated Connecticut General Statutes § 14-286aa in that he operated a motor vehicle while distracted by the use and/or engagement of an electronic mobile device;

11

k.  He failed to make timely and seasonable use of the brakes of the motor vehicle he was driving in order to slow down and/or stop before causing his vehicle to strike another motor vehicle;

l.  He failed to sound his horn or otherwise warn the plaintiff of the impending collision;

and

m.  He failed to use due care and to make use of his senses and faculties, as would a reasonably prudent person under the circumstances.

WHEREFORE, the Plaintiffs claim money damages.

Dated at New Haven, Connecticut, this 25th day of September, 2017.

THE PLAINTIFFS: KELWYNN WESTLEY, AND
SHEALA WESTLEY

By_____
Alphonse J Balzano, Jr., Attorney At Law
Balzano & Tropiano, PC
321 Whitney Avenue
New Haven, Connecticut 06511
Telephone: 203-891-6336
Juris No. 428258

12

| | | |
|---|---|---|
| **RETURN DATE: NOVEMBER 14, 2017** | : | **SUPERIOR COURT** |
| **KELWYNN WESTLEY, ET AL** | : | **J.D. OF NEW HAVEN** |
| **V.** | : | **AT NEW HAVEN** |
| **NERMIN MEHONIC, ET AL** | : | **SEPTEMBER 25, 2017** |

## STATEMENT RE: AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is:

[X] not less than $15,000

THE PLAINTIFFS: KELWYNN WESTLEY, AND
SHEALA WESTLEY

By _____
Alphonse J Balzano, Jr., Attorney At Law
Balzano & Tropiano, PC
321 Whitney Avenue
New Haven, Connecticut 06511
Telephone: 203-891-6336
Juris No. 428258

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

13